**ZENG XIONG LU, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 03–4967–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2007.

Gang Zhou, New York, NY, for Petitioner.

Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, Toi Denise Houston, Assistant United States Attorney, Hammond IN, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Zeng Xiong Lu, a native and citizen of the People's Republic of China, seeks review of a May 7, 2003 order of the BIA affirming the November 29, 2001 decision of Immigration Judge ("IJ") Douglas B. Schoppert denying petitioner's application for asylum and withholding of removal. *In re Zeng Xiong Lu*, No. A 78 186 870 (B.I.A. May 7, 2003), *aff'g* No. A 78 186 870 (Immig. Ct. N.Y. City Nov. 29, 2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395, 406 (2d Cir.2005).

Substantial evidence support's the IJ's adverse credibility determination in this case. As the IJ noted, Lu's testimony at his merits hearing that his wife was forced to terminate a pregnancy was inconsistent with his testimony at his credible fear interview, where he denied having any problems with family planning officials.[1] The IJ was entitled to rely on the credible fear interview as it possessed sufficient indicia of reliability—it was recorded verbatim, conducted in Lu's native language of Fuchou, and included questions designed to elicit the details of Lu's asylum claim. *See Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir.2006). Lu offered an explanation for the discrepancy, but we do not find that a reasonable factfinder would be compelled to accept either that explanation or his suggestion on appeal that his former counsel led him to deny having a family planning claim at his interview. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir.2005).

Where an applicant presents dramatically different accounts regarding his asylum claim, this inconsistency alone constitutes substantial evidence to support the IJ's credibility determination. *See Majidi*, 430 F.3d at 80 (2d Cir.2005); *see also Xian Tuan Ye v. Dep't of Homeland Security*, 446 F.3d 289, 294–95 & n. 6 (2d Cir.2006). But the IJ in this case also relied on Lu's admissions at his hearing that he had provided false testimony and submitted fraudulent documentation in support of a previous asylum application. These facts are clearly relevant to an evaluation of Lu's credibility and the IJ could properly rely on them to support his credibility determination in this case. *See Ibrahim v. Gonzales*, 434 F.3d 1074, 1079 (8th Cir.2006) (rejecting a challenge to an IJ's reliance on

---

1. While Lu's response to the question suggests that he might not have understood it, Lu testified at his merits hearing that he understood the questions asked of him and admitted that he purposefully refrained from discussing his family planning claim.

a previous falsified asylum application); *cf. Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 158 (2d Cir.2006) (noting that an IJ could properly base an adverse credibility finding solely on a finding that the petitioner had submitted a fraudulent document in support of her claim).

We do not address Lu's claim based on the demolition of his house because he has waived it before this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005). Accordingly, we deny the petition for review as to Lu's asylum claim.

We further dismiss the petition for review with respect to Lu's withholding of removal claim and due process claim. Exhaustion of administrative remedies, including exhaustion of bases for relief, is statutorily required for aliens challenging final orders of removal. 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005). We are therefore precluded from reviewing Lu's withholding of removal and due process claims, which he failed to raise before the BIA. *See id.; Theodoropoulos v. INS*, 358 F.3d 162, 172–73 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED with respect to Lu's asylum claim and DISMISSED with respect to Lu's withholding of removal and due process claims. The pending motion for a stay of removal in this petition is DENIED as moot.